

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-36,036-03

### EX PARTE RUBEN NAVARRO, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1993CR4509B IN THE 226TH DISTRICT COURT
## FROM BEXAR COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to thirty-five years' imprisonment.

Applicant alleges the Board of Pardons and Paroles relied on perjured testimony to revoke Applicant's parole. Applicant further complains the Board of Pardons and Paroles denied the request for rehearing, which denied Applicant due process of law in the revocation proceedings. Applicant has provided an affidavit from the complaining witness, recanting Applicant's participation in the

aggravated assault; the sole allegation used to revoke Applicant's parole. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Carmona,* 185 S.W.3d 492 (Tex. Crim. App. 2006). We believe that in recantation cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which the complainant shall be called to testify. Notice of the hearing and an opportunity to testify shall be given to those persons who participated in the parole revocation proceeding.

It appears that Applicant is represented by counsel. The trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to the credibility of the complaining witness' recantation. The trial court shall enter findings of fact as to the credibility of each witness. The trial court shall also enter findings of fact as to whether Applicant's parole was revoked solely on the basis of perjured testimony and as to whether Applicant is entitled to relief. The trial court shall also make findings as to whether the State is prejudiced by Applicant's delay in presenting this claim under the doctrine of laches. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 10, 2014
Do not publish